UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ronald Mark Associates, Inc., <br><br>       Plaintiff,<br><br>   v.<br><br>StonCor Group, Inc.<br><br>       Defendant. | Case No. 1:13-CV-07446-RMB-JS<br><br>JOINT DISCOVERY PLAN<br><br>Conference Date: March 26, 2014, 10:30 a.m.<br><br>(Filed via ECF) |

## JOINT PROPOSED DISCOVERY PLAN

The parties, Ronald Mark Associates, Inc. ("RMA") and StonCor Group, Inc. ("StonCor"), through their undersigned counsel, respectfully submit this Joint Discovery Plan for the Court's consideration in preparation for the Rule 26 Scheduling on Wednesday, March 26, 2014, at 9:30 a.m. and pursuant to the Court's Order on February 14, 2014 (D.I. 16).

1. **Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

  (a) Plaintiff RMA is represented by Cozen O'Connor

    (1) Melanie A. Miller
      457 Haddonfield Road, Suite 300
      Cherry Hill, NJ 08002
      (856) 910-5000 - Telephone
      (856) 910-5075 – Facsimile
      mmiller@cozen.com – E-Mail

    (2) Camille M. Miller
      1900 Market Street
      Philadelphia, PA 19103
      (215) 665- Telephone
      (215) – Facsimile
      cmiller@cozen.com – E-Mail

      (3)      Kyle Vos Strache
                 1900 Market Street
                 Philadelphia, PA 19103
                 (215) 665-2747 - Telephone
                 (215) 253-6792 - Facsimile
                 kvosstrache@cozen.com – E-Mail

(b)     Defendant StonCor is represented by Fox Rothschild LLP

      (1)      Stephanie N. Deviney
                 747 Constitution Drive, Suite 100
                 Exton, PA 19341
                 (610) 458-7500 – Telephone
                 (610) 458-7337 – Facsimile
                 sdeviney@foxrothschild.com – E-Mail

      (2)      Charles N. Quinn
                 Fox Rothschild LLP
                 747 Constitution Drive, Suite 100
                 Exton, PA  19341
                 (610) 458-4984 – Telephone
                 (610) 458-7337 – Facsimile
                 cquinn@foxrothschild.com – E-mail

      (3)      Ronald L. Williams
                 Fox Rothschild LLP
                 747 Constitution Drive, Suite 100
                 Exton, PA  19341
                 (610) 458-4994 – Telephone
                 (610) 458-7337 – Facsimile
                 rwilliams@foxrothschild.com – E-mail

**2.**    **Set forth a brief description of the case, including the causes of action and defenses asserted.**

      This is an action for patent infringement. RMA is in the business of selling and manufacturing thermoplastic raw materials, including PVC resins, Copolymer PVC resins, plastic sheeting as well as other plastic and resin based materials. RMA manufactured and sold a poured resin based material having a colorant and an aggregate dispersed therein which create patterns in the resin based material under the brand "KINON." The Kinon brand was rolled into a separate entity, Kinon Surface Design, Inc., as of Dec. 31, 2012, and continues production of KINON products under that entity. RMA is the owner, by assignment of U.S. patent No. 6,607,818 which issued to Richard Satz and Lawrence E. Wolfe on August 19, 2003. RMA is also the owner, by assignment of U.S. Patent No. 6,649,257 which issued to Richard Satz on November 18, 2003 (collectively the "Patents-in-Suit"). The Patents-in-Suit are both entitled

"Composite Materials With Bulk decorative Features and process for Producing Same" and relate to products and methods for producing resin based materials having a color and dispersed materials therein, such as the KINON products.

Defendant StonCor is the corporate parent of Stonhard, Inc., which manufactures and sells, among other products a line of poured resin floors under the brand name "Liquid Elements." The Liquid Elements products are poured resin based floors in combination with an aggregate.

RMA asserts a claim for willful infringement of the Patents-in-Suit against StonCor based on StonCor's making, using, selling, and offering for sale in the United States resin based flooring products as well as a claim for inducement. StonCor denies that it has infringed or induced infringement of the Patents-in-Suit and specifically raises the following defenses: (1) failure to state a claim upon which relief can be granted; (2) non-infringement; (3) invalidity of the Patents-in-Suit; (4) unenforceability; (5) waiver; (6) estoppel; (7) laches; (8) unclean hands; (9) lack of willfulness; (10) that injunctive relief is improper as RMA will not suffer any irreparable harm and has an adequate remedy at law; and (11) injunctive relief is barred because such relief would be inequitable. StonCor asserts counterclaims for (1) non-infringement of the Patents-in-Suit; and (2) for invalidity of the Patents-in-Suit. RMA denies that the Patents-in-Suit are invalid and not infringed. The Parties have requested a trial by jury.

3. Have settlement discussions taken place?  Yes __X__  No _____
The parties had their first discussion regarding settlement on March 19, 2014.

4. **The parties have met pursuant to Fed. R. Civ. P. 26(f).  No.**

5. **The parties have not exchange the information required by Fed. R. Civ. P. 26(a)(1).**

   The parties propose exchanging Rule 26(a)(1) initial disclosures by **March 19, 2014**.

6. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

   None.

7. **The parties have not conducted discovery other than the above disclosures.**

8. **Proposed Joint Discovery Plan:**

   **RMA expects to take discovery as to at least the following subjects:**

   (i) The Patents-in-Suit, including StonCor's knowledge of the Patents-in-Suit; investigation, research, or analysis concerning the Patents-in-Suit including infringement and validity studies; and correspondence with any third party concerning the Patents-in-Suit.

(ii) Documents and information relating to the inventors named on the Patents-in-Suit and any other information that relates to, or that StonCor believes is related to inventorship of the Patents-in-Suit.

(iii) Documents and information relating to the allegations and legal claims set forth in the parties pleadings in this action.

(iv) Correspondence between StonCor and any non-party to this action relating to the subject matter of the factual allegations, legal claims, and any defenses set forth in the pleadings.

(v) Correspondence between StonCor and any entity of StonCor and RMA.

(vi) Documents and information relating to all products made by StonCor that utilize a resin, a colorant, and an aggregate, including but not limited to any products manufactured or sold under the Liquid Elements brand.

(vii) Documents and information relating to sales, revenues, and profits of StonCor related to products that utilize a resin, a colorant, and an aggregate such as products sold under the Liquid Elements brand.

(viii) Documents and information relating to steps or procedures taken by StonCor to determine whether particular products fall within one or more claims of the Patents-in-Suit.

(ix) documents and information relating to, provided to, received from, exchanged with, or shared with any witness who will testify on behalf of StonCor in this action, including expert witnesses.

(x) Documents and information relating to the disclosures required under Local Patent rules 3 and 4.

**StonCor expects to take discovery as to the following subjects:**

(i)   The Patents-in-Suit, including the scope RMA asserts to be accorded to the claims; whether RMA has any basis for asserting infringement under the doctrine of equivalents; the actions of the inventors in conceiving and reducing to practice the subject matter that eventually became the Patents-in-Suit; the actions of the inventors and others in the course of prosecuting the Patents-in-Suit in the United States Patent and Trademark Office;

(ii)   Any opinions and correspondence with any third party concerning the subject matter that eventually became one or both of the Patents-in-Suit including the novelty of the same, the prior art relevant to the same, and the like;

(iii)   Documents and information relating to the allegations and legal claims set forth in the pleadings filed by the parties in this action;

4

(iv)	Correspondence between RMA and any non-party to this action relating to the subject matter of the factual allegations, the legal claims, and any defenses set forth in the pleadings;

(v)	Correspondence between RMA and all third parties;

(vi)	Documents and information relating to any products made by RMA, including but not limited to products that allegedly embody any of the claims of either of the Patents-in-Suit;

(vii)	Documents and information relating to all products manufactured by RMA and offered for sale prior to the earliest filing date of any of the Patents-in-Suit;

(viii)	Documents and information relating to sales, revenue and profits of RMA derived from sale of products manufactured under or embodying the subject matter of either or both of the Patents-in-Suit;

(ix)	Documents and information relating to steps or procedures taken by RMA to determine whether one or more of StonCor's "LIQUID ELEMENTS" products arguably fall within one or more claims of either of the Patents-in-Suit, either literally or by equivalents;

(x)	Documents and information relating to, provided to, received from, exchanged with, or shared with any witness who will testify on behalf of RMA in this action, including expert witnesses; and

(xi)	Documents and information relating to disclosures required under Local Patent Rules 3 and 4.

(a) **Discovery should _____ should not __X__ be conducted in phases or limited to particular issues. Explain.**

The parties believe that discovery can be conducted concurrently with regard to liability and damages.

(b) **Proposed schedule:**

The Parties, closely adopting this Court's timelines set forth in Local Patent Rules, propose the following schedule for discovery in this case:

(1)	Fed. R. Civ. P. 26 Disclosures by **March 19, 2014** (14 days after deadline for initial Rule 26 Conference).

(2)	E-Discovery conference pursuant to L. Civ. R. 26.1(d) by **March 19, 2014.**

(3)	Service of initial written discovery by **April 2, 2014.**

5

(4)   Pursuant to L. Pat. R. 3.1 and 3.2 Plaintiff shall serve its disclosure of asserted claims, infringement contentions, and any accompanying documents by **April 9, 2014** (14 days after initial Scheduling Conference).

(5)   Pursuant to L. Pat. R. 2.2, the parties shall file a proposed Discovery Confidentiality Order and supporting certifications by **April 25, 2014** (30 days after initial Scheduling Conference).

(6)   The parties shall serve responses to initial interrogatories and document requests by **May 2, 2014**.

(7)   Pursuant to L. Pat. R. 3.3 and 3.4, Defendant shall serve its invalidity contentions and any accompanying documents by **May 23, 2014** (44 days after disclosure of asserted claims and infringement contentions).

(8)   Pursuant to L. Pat. R. 4.1 the parties shall jointly exchange proposed list of terms for construction by **June 6, 2014** (14 days after service of invalidity contentions).

(9)   Pursuant to L. Pat. R. 4.2 the parties shall jointly exchange preliminary claim constructions and extrinsic evidence by **June 27, 2014** (21 days after exchange of list of terms for construction).

(10)  Motions to amend or add parties to be filed by **July 1, 2014**.

(11)  Pursuant to L. Pat. R. 4.3, the parties shall file a Joint Claim Construction and Prehearing Statement on **August 11, 2014** (45 days after exchange of preliminary claim constructions).

(12)  Pursuant to L. Pat. R. 4.4, the deadline to complete claim construction discovery is **September 10, 2014** (30 days after service and filing of Joint Claim Construction and Prehearing Statement).

(13)  Pursuant to L. Pat. R. 4.5(a) the parties shall contemporaneously file and serve opening Markman briefs on **October 24, 2014** (44 days after serving and filing the Joint Claim Construction and Prehearing Statement).

(14)  Factual discovery to be completed by **November 10, 2014**.

(15)  Pursuant to L. Pat. R. 4.5(b), the parties shall complete discovery of any expert witness who submitted a declaration or certification in connection with a Markman brief by **November 24, 2014** (31 days after filing opening Markman submissions).

(16) Pursuant to L. Pat. R. 4.5(c), the parties shall contemporaneously file and serve responding Markman briefs on **December 22, 2014** (59 days after filing of opening Markman submissions).

(17) The parties propose to the Court a schedule for Claim Construction Hearing on **January 12, 2015** (21 days after filing of responding Markman briefs).

(18) For issues other than claim construction, which proceeds in accordance with the Local Patent Rules, as set forth above, the parties shall serve affirmative expert reports within **21 days after the Claim Construction Hearing.**

(19) The parties shall serve responsive expert reports within **21 days after service of affirmative expert reports.**

(20) The parties shall complete expert depositions within **21 days after service of responsive expert reports.**

(21) The parties must file dispositive motions within **30 days after completion of expert depositions.**

**StonCor's Proposed Discovery Schedule and Rationale**

RMA asserts two patents having a total of fifty-nine (59) claims, seven (7) of which are independent claims, against StonCor. All of the independent claims in RMA's '818 patent have four elements. All of the independent claims in RMA's '257 patent have two elements. Accordingly, RMA has asserted seven (7) independent claims, totaling twenty-two (22) separate elements, against StonCor.

RMA contends that six different ones of StonCor's "LIQUID ELEMENTS" products infringe both of RMA's patents. Considering only RMA's independent claims means there are forty-two (42) claims against which StonCor must defend (seven independent patent claims, each asserted against six different StonCor products). When the number of claim elements in RMA's seven independent claims is considered vis-à-vis the six different StonCor products that RMA contends infringe, there are one hundred thirty-two (132) claim elements against which StonCor must defend as respecting RMA's charge of patent infringement.

In other patent infringement matters StonCor's counsel has found that written responses to paper discovery are helpful in managing the case by narrowing the scope of the infringement inquiry. In view of the number of claim elements against which StonCor must defend, StonCor requests additional time and a substantial increase in the number of interrogatories and requests for admissions over what is set out in the District's Local Patent Rules. StonCor believes it necessary to have additional time and to have additional Interrogatories and Requests for Admissions available in order to move this case forward on a reasonable schedule.

Accordingly, StonCor proposes the following schedule for discovery in this case:

7

(1) Fed. R. Civ. P. 26 Disclosures by March 19, 2014 (14 days after deadline for initial Rule 26 Conference).

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) by March 19, 2014.

(3) Service of initial written discovery by April 16, 2014.

(4) Pursuant to L. Pat. R. 3.1 and 3.2 Plaintiff shall serve its disclosure of asserted claims, infringement contentions, and any accompanying documents by April 9, 2014 (14 days after initial Scheduling Conference).

(5) Pursuant to L. Pat. R. 2.2, the parties shall file a proposed Discovery Confidentiality Order and supporting certifications by April 25, 2014 (30 days after initial Scheduling Conference).

(6) The parties shall serve responses to initial interrogatories and document requests by May 16, 2014.

(7) Defendant shall serve its invalidity contentions and any accompanying documents by June 15, 2014.

(8) Pursuant to L. Pat. R. 4.1 the parties shall jointly exchange proposed list of terms for construction by June 29, 2014.

(9) Pursuant to L. Pat. R. 4.2 the parties shall jointly exchange preliminary claim constructions and extrinsic evidence by August 1, 2014.

(10) Motions to amend or add parties to be filed by July 1, 2014

(11) Pursuant to L. Pat. R. 4.3, the parties shall file a Joint Claim Construction and Prehearing Statement on October 1, 2014.

(12) Pursuant to L. Pat. R. 4.4, the deadline to complete claim construction discovery is November 15, 2014 (30 days after service and filing of Joint Claim Construction and Prehearing Statement).

(13) Pursuant to L. Pat. R. 4.5(a) the parties shall contemporaneously file and serve opening Markman briefs on January 15, 2015.

(14) Factual discovery to be completed by November 30, 2014.

(15) Pursuant to L. Pat. R. 4.5(b), the parties shall complete discovery of any expert witness who submitted a declaration or certification in connection with a Markman brief by February 15, 2014.

(16) Pursuant to L. Pat. R. 4.5(c), the parties shall contemporaneously file and serve responding Markman briefs on March 30, 2015.

(17) The parties propose to the Court a schedule for Claim Construction Hearing on April 20, 2015 (21 days after filing of responding Markman briefs).

(18) For issues other than claim construction, which proceeds in accordance with the Local Patent Rules, as set forth above, the parties shall serve affirmative expert reports within 21 days after the Claim Construction Hearing.

(19) The parties shall serve responsive expert reports within 21 days after service of affirmative expert reports.

(20) The parties shall complete expert depositions within 21 days after service of responsive expert reports.

The parties must file dispositive motions within 30 days after completion of expert depositions.

**(c) Set forth any special discovery mechanism or procedure requested.**

(1) Maximum of 25 interrogatories by each party to each other party.

(2) Maximum of 10 depositions to be taken by each party, including expert declarations.

(3) Maximum of 50 requests for admission by each party.

(4) Except for depositions pursuant to Fed. R. Civ. P. 30(b)(6), each fact deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties or by an Order of the Court upon showing of good cause.

(5) Each expert deposition shall be limited to a maximum of 14 hours, irrespective of the number of reports submitted by the deponent, unless extended by agreement of the parties or by an Order of the Court upon a showing of good cause. No expert may be deposed for more than 7 hours in a single day.

**(d) A pretrial conference may take place on March 12, 2015.**

**(e) Trial date by jury: March 26, 2015.**

**9. Special Discovery needs**

  (1) The parties anticipate that one or more depositions may be videotaped.

  (2) The parties anticipate out-of-state discovery because each of the parties has manufacturing and/or places of business in states outside of New Jersey.

  (3) The parties agree that each party shall bear its own costs in preserving, retrieving, extracting, restoring (if necessary), and producing documents and digital or electronically stored information.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in what should be produced? No.**

  The parties have agreed that electronic documents will be produced in PDF format, only, that parties may clawback documents containing inadvertently produced privileged information, that the parties will not seek to restore deleted digital information unless specific documents or categories are discovered that require such restoration, and that the parties will individually bear the costs of preservation, production, and restoration (if necessary) for electronic discovery.

11. **Do you anticipate entry of a Discovery Confidentiality Order pursuant to L. Civ. R. 5.3(b)?**

  Yes. The parties expect to enter a Discovery Confidentiality Order as the parties believe that some of the discoverable information is protected by trade secret.

12. **The parties do not anticipate any discovery problem(s) not listed above.**

13. **This case is appropriate for voluntary arbitration (pursuant to Local Civil R. 201.1), or mediation (pursuant to Local Civ. R. 301.1).**

14. **The parties agree that this case is not appropriate for bifurcation.**

15. **An interim status/settlement conference (with clients in attendance) should be held on November 10, 2014.**

16. **The parties Do \_\_\_\_ Do not \_\_X\_\_ consent to the trial being conducted by a Magistrate Judge.**

17. **Miscellaneous:**

  (i) The parties agree that discovery should not be bifurcated on the issues of liability and damages.

Respectfully submitted by:

COZEN O'CONNOR

*/s/ Melanie A. Miller*
Melanie A. Miller (MM 2992)
Cozen O'Connor
457 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 910-5000 – Telephone
(856) 910-5075 – Facsimile
mmiller@cozen.com – E-Mail

and

Camille M. Miller (*pro hac vice*)
Kyle Vos Strache (*pro hac vice*)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-2747 – Telephone
(215) 253-6792 – Facsimile
cmiller@cozen.com – E-Mail
kvosstrache@cozen.com – E-Mail

*Attorneys for Plaintiff*
*Ronald Mark Associates, Inc.*


**Dated: March 19, 2014**

Fox Rothschild, LLP

*/s/ Stephanie N. Diviney*
Charles N. Quinn (*pro hac vice*)
Ronald L. Williaons (*pro hac vice*)
747 Constitution Dr., Suite 100
Exton, PA 19341
(610) 458-7500 - Telephone
(610) 458 – 7337 - Facsimile
sdeviney@foxrothschild.com – E-Mail
Cquinn@foxrothschile.com
Rwilliams@foxrothschild.com

*Attorneys for Defendant,*
*StonCor Group, Inc.*